## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

**LYNDA PANTOJA IRIZARRY**

**Plaintiff**

**v.**                                                                    CIVIL NO. 15-2330 (GAG)

**KMART CORP. PUERTO RICO, JOHN DOE and COMPANY XYZ,**

**Defendants.**

## <u>OPINION AND ORDER</u>

Presently before the Court is the amended partial motion to dismiss of defendant KMART Corp. Puerto Rico ("Kmart") and the plaintiff, Lynda Pantoja Irizarry's ("Irizarry") opposition thereto. (Docket Nos. 14; 21.) For the reasons that follow, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

In her complaint, Irizarry contends that Kmart terminated her employment because of her gender, age and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, the Civil Rights Act of 1991, 42 U.S.C. § 1981a <u>et seq</u>; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 <u>et seq</u>; and Puerto Rico Law 100 ("Law 100"), P.R. LAWS ANN. Tit. 29 § 146 <u>et seq</u>. Irizarry also alleges wrongful termination in violation of Puerto Rico Law No. 80 of May 30, 1976 ("Law 80"), P.R. LAWS ANN. Tit. 29 § 185 <u>et seq</u>, and seeks damages pursuant to Article 1802 of the Puerto Rico Civil Code, 31 P.R. LAWS ANN. Tit. 31 § 5141. (Docket No. 1 ¶ 27-28; 31; 34; 39; 43; 45.)

Civil No. 15-2330 (GAG)

## I.    Relevant Factual and Procedural Background

In her complaint, the plaintiff alleges that she worked at Kmart from September 23, 1998 until she was fired on November 4, 2013.  (Docket No. 1 ¶ 16.)  She was never subjected to disciplinary action and all performance evaluations reported that she met expectations.  (Id. ¶ 19.) In November or 2010, Irizarry began to ask for relocation to the State of Florida so that she could cohabitate with her same-sex partner and ultimately marry.  (Id. ¶ 22.)  On October 31, 2013, Irizarry made a comment to two supervisors that she believes was interpreted by them as a claim of gender discrimination. (Id. ¶¶ 24-25.)  She was fired five days later.  (Id. ¶ 25.)

Irizarry also contends that she was fired because of her age, as she is fifty years old.  (Id. ¶ 6, 31-35.)

In its Motion to Dismiss, Kmart argues that Irizarry failed to plead sufficient facts to support her claim of age discrimination under the ADEA and Law 100, or an independent cause of action under Article 1802.  (Docket No. 14 at 2, 6.)  Specifically, Kmart argues that the complaint lacks factual allegations connecting her termination from employment with her age.  (Id. at 6.) Additionally, Kmart argues that because Irizarry's Article 1802 claim is based on the same conduct as her discrimination and retaliation claims, absent independent tortious or negligent conduct, she cannot state a claim under Article 1802.  (Id. at 7.)

## II.    Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, see FED. R. CIV. P. 12(b)(6), the court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court.  See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) which discusses Ashcroft v. Iqbal, 556 U.S. 662

Civil No. 15-2330 (GAG)

(2009) and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)).  First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  <u>Id.</u>  A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 556 U.S. at 678-79.  Second, the court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief."  <u>Schatz</u>, 669 F.3d at 55.  Plausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the court to draw on its judicial experience and common sense.  <u>Id.</u> (citing <u>Iqbal</u>, 556 U.S. at 678-79).  This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.  <u>Twombly</u>, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  <u>Iqbal</u>, 556 U.S. at 679 (quoting Fᴇᴅ. R. Cɪᴠ. P. 8(a)(2)).  If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility."  <u>Ocasio-Hernández</u>, 640 F.3d at 12 (quoting <u>Iqbal</u>, 556 U.S. at 678).

## III.   Legal Analysis

In order to state a claim for age discrimination under the ADEA, and by extension Law 100, a plaintiff must plead facts demonstrating that (1) she was over the age of 40; (2) her job performance was sufficient to meet her employer's legitimate job expectations; (3) she experienced an adverse employment action; and (4) the employer continued to require the position

Civil No. 15-2330 (GAG)

that the plaintiff was terminated from.  E.g., De La Vega v. San Juan Star, Inc., 377 F.3d 111, 117 (1st Cir. 2004);  see also Davila v. Corporacion de Puerto Rico Para la Difusion Publica, 498 F.3d 9, 18 (1st Cir. 2007) (stating "[o]n the merits, age discrimination claims asserted under the ADEA and under Law 100 are coterminous.").

In this case, Irizarry has satisfied these minimum requirements in her Complaint.  At this stage, Irizarry need not prove that her age was the determinative influence on Kmart's decision to terminate her employment.  Rather, she has satisfied her initial burden by asserting sufficient facts to put Kmart on notice of the ADEA claim against it, specifically stating that she is 50 years old and thus protected by the ADEA, that she received satisfactory performance reviews, that she was terminated from her position anyway, and that her position at Kmart persisted after she was fired.  Accordingly, defendant's motion to dismiss the ADEA claim is **DENIED**.  Similarly, because a Law 100 claim is, as stated, coterminous with an ADEA claim, Kmart's Motion to Dismiss the Law 100 claim is also **DENIED**.

Kmart also seeks dismissal of Irizarry's claim under Article 1802.  Because Article 1802 is not an independent cause of action for discrimination or wrongful termination, a plaintiff may only pursue an Article 1802 claim when it is based on "tortious or negligent conduct distinct from that covered by the specific laws invoked, or which have an independent basis to support them." Rivera-Cartagena v. Wal-Mart P.R., Inc., 767 F. Supp. 2d 310, 320 (D.P.R. 2011).  In this case, Irizarry argues that her claim includes unknown defendants who may not fall within the scope of the "employer definition" and that "discover[y] will reveal the names of those individuals [who] actually decided to discriminate against [her]."  (Docket No. 21 at 5.)

Generally, unidentified "John Doe" defendants are subject to the Rule 4(m) 120-day period for identification and service.  FED. R. CIV. P. 4(m); Carmona Pacheco v. Betancourt y Lebron, 820

4

Civil No. 15-2330 (GAG)

F. Supp. 45 (D.P.R. 1993).  Irizarry filed her Complaint on September 9, 2015.  The Court notes that 134 days have passed since then and no additional defendants have been identified or served. Absent any indication that additional time or discovery will reveal additional defendants whose involvement is distinct from the facts already alleged, preservation of a potential Article 1802 claim is too speculative to warrant.  Therefore, the claim pursuant to Article 1802 is hereby **DISMISSED**.

**IV.    Conclusion**

In sum, the Court **DENIES** the defendants' Motion to Dismiss the claims under the ADEA and Law 100, and **GRANTS** the defendant's Motion to Dismiss the claims pursuant to Article 1802.

**SO ORDERED.**

In San Juan, Puerto Rico this 21st day of January, 2016.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge